IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN R. DALEY, JR., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 05-215-JJF |
| : | |
| FEDERAL BUREAU OF : | |
| PRISONS, et. al, : | |
| : | |
| Respondents. : | |

**MEMORANDUM AND ORDER**

I.  **INTRODUCTION**

Presently before the Court is a Motion For Reconsideration (D.I. 4) filed by Petitioner John R. Daley.  By his Motion, Petitioner requests the Court to reconsider its Order dated July 13, 2005, dismissing without prejudice his Petition For A Writ Of Habeas Corpus and denying a certificate of appealability.  For the reasons discussed, the Court will deny Petitioner's Motion For Reconsideration.

II. **BACKGROUND**

On March 28, 2005, Petitioner John R. Daley filed a document entitled "Awaiting Commitment To The Federal Bureau Of Prisons, And The Prompt Commitment And Designation of Federal Prisoner, Amendment To Habeas Corpus."  (D.I. 1).  Though largely unintelligible, it appeared to the Court that Petitioner, who was incarcerated pursuant to a sentence imposed by a Massachusetts state court, was asking the Court to order the Massachusetts

Department of Corrections to transfer him to the custody of the Federal Bureau of Prisons so that he could be designated as a federal prisoner. Id. The Court construed the document as a Petition For Writ Of Habeas Corpus and dismissed the Petition without prejudice for lack of jurisdiction because he was not in custody in the State of Delaware and did not challenge a sentence or conviction imposed by the State of Delaware or this Court. (D.I. 3). On August 1, 2005, Petitioner filed the instant Motion for Reconsideration. (D.I. 4.)

### III. DISCUSSION

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

When Petitioner filed his March 2005 Petition, he was incarcerated in a Massachusetts state prison pursuant to a Massachusetts state court judgment of conviction. The Petition

2

did not challenge the legality of any sentence or conviction. Rather, Petitioner only requested the Court to order the Federal Bureau of Prisons to transfer him to a federal prison. The Court denied the Petition for lack of jurisdiction.

Petitioner's Motion for Reconsideration contends that the Court had jurisdiction to order such a transfer under 18 U.S.C. §§ 3049, 4083, and 4086. The statutes Petitioner cites provide the Court with no such authority, and therefore, the Court concludes that Petitioner's argument under these statutes is without merit.

Further, Petitioner states in his Motion that he has been granted the "designation to the Federal Bureau of Prisons" (D.I. 4 at 3), and Petitioner's mailing address indicates that he is currently incarcerated at FCI Schuylkill in Minersville, Pennsylvania. Id. at 3. Because it is evident to the Court that Petitioner has obtained the relief he requested in his Petition, namely transfer to a federal prison, the Court concludes that his underlying Petition is now moot. See e.g. Lovett v. Carroll, 2002 WL 1461730, at *2 (D. Del. June 27, 2002)(habeas petition challenging legality of execution of sentence dismissed as moot where petitioner was placed in boot camp soon after filing petition). Accordingly, the Court concludes that reconsideration of its previous Order is not warranted.

In addition, Petitioner requests the Court to reconsider it

ruling denying him a certificate of appealability. Because Petitioner failed to demonstrate the denial of a substantial constitutional right and the Court is persuaded that reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition, the Court declines to reconsider its decision denying a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the Court will deny Petitioner's Motion for Reconsideration.[1]

**IV. CONCLUSION**

NOW THEREFORE, IT IS HEREBY ORDERED this 16 day of September 2005, that:

1. Petitioner John R. Daley's Motion For Reconsideration (D.I. 4) is **DENIED**.

2. Petitioner has failed to make a "substantial

---

[1] After Petitioner filed his Motion for Reconsideration, he filed a Notice of Appeal. (D.I. 5). While the Court does not ordinarily comment on the filing of a Notice of Appeal, the Court believes some exposition is necessary to avoid any procedural confusion given the nature of Petitioner's filings. It appears to the Court that the Clerk docketed the "Notice of Appeal" in this case, because no Order existed in his criminal case from which an appeal could be taken. However, upon further review of the contents of his "Notice of Appeal," the Court understands the document to pertain to Criminal Action No. 91-73, a case which was reassigned to the Court from another judge on September 1, 2005. To avoid creating further confusion, the Court will leave the Notice of Appeal on the docket in this case and allow the case to go the Third Circuit for review. In the newly reassigned case, the Court notes that a single motion is pending dated September 1, 2005. The Court will address that motion by separate Memorandum And Order.

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and therefore, the Court concludes that a certificate of appealability is not warranted. See <u>United States v. Eyer</u>, 113 F.3d 470 (3d Cir. 1997); Third Cir. Local Appellate Rule 22.2 (2000).

*[signature]*
UNITED STATES DISTRICT JUDGE