CPS-62                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3887
_____

JOHN R. DALEY,
Appellant

v.

FEDERAL BUREAU OF PRISONS

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 05-cv-00215)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6

Before: BARRY, SMITH and NYGAARD, <u>CIRCUIT JUDGES</u>
November 23, 2005

(Filed   December 9, 2005 )

OPINION

PER CURIAM

      John R. Daley, Jr. appeals <u>pro se</u> from an order of the District Court for the District

of Delaware dismissing his habeas corpus petition.  Daley, who is presently incarcerated

at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") in Minersville,

Pennsylvania, filed a document titled "Awaiting Commitment to the Federal Bureau of Prisons and The Prompt Commitment and Designation of Federal Prisoner . . . Amendment to Heabeas [sic] Corpus" in the District Court in March 2005.  At that time, Daley was incarcerated in Walpole, Massachusetts, having just served a state sentence and awaiting transfer to a federal prison to complete a consecutive one year federal sentence.[1]  In his petition, Daley sought an order from the District Court to expedite his transfer to federal custody.  The District Court construed Daley's pleading as a habeas corpus petition and dismissed it without prejudice for lack of jurisdiction.  Daley filed a motion for reconsideration, which the District Court denied.  In its denial order, the District Court also observed that Daley's petition appeared to be moot, as Daley had since been transferred to federal custody at SCI-Schuylkill.  Daley timely appealed.  Appellee has filed a motion for summary affirmance, which Daley opposes.

Although the District Court's dismissal was without prejudice, Daley's motion for reconsideration and subsequent pleadings reflect his intent to stand on his petition, thereby making the order final and appealable.  See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).  We, therefore, have jurisdiction pursuant to 28 U.S.C. § 1291.[2]  After carefully reviewing the record, we conclude that the issues raised on

---

[1] The federal sentence was imposed in connection with Daley's violation of the conditions of a federal term of supervised release.

[2] Daley's notice of appeal does not clearly specify the order appealed.  However, it contains enough identifying information to serve as the "functional equivalent" of a notice of appeal, and we construe it as such.  See Masquerade Novelty, Inc. v. Unique

appeal present "no substantial question" under Third Cir. LAR 27.4 and I.O.P. 10.6.  We will, therefore, grant Appellee's motion and summarily affirm the District Court's judgment.

The sole claim raised in Daley's petition is that he is entitled to a prompt transfer to a federal prison after serving his state sentence in Massachusetts.  The petition does not challenge a conviction or sentence imposed by the District Court or by any state court in Delaware and, therefore, does not implicate the District Court's jurisdiction under 28 U.S.C. §§ 2241(d) or 2255.  Similarly, the District Court does not have jurisdiction under § 2241(a), as Daley was not confined in Delaware when he filed the petition.  See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2722 (2004).  As Daley's petition does not assert any valid basis for review in the District of Delaware, and we do not independently find such a basis, we agree with the District Court's dismissal.

We decline to consider Daley's claims, raised for the first time on appeal, regarding placement in a Community Corrections Center and denial of access to the law library.  See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994).

For the foregoing reasons, we will grant Appellee's motion and summarily affirm the judgment of the District Court.

---

Indust., Inc., 912 F.2d 663, 665-66 (3d Cir. 1990) (internal citation omitted).  We also take notice of the District Court's observation that, at the time Daley filed this document, no other order existed in the District Court from which an appeal could be taken.  See Daley v. Federal Bureau of Prisons, et al., D. Del. Civ. No. 05-215 (order entered on September 19, 2005) at 4 n.1.