IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN R. DALEY, JR. | : | |
| | : | |
| Petitioner, | : | |
| | : | Civil Action No. 1:05-cv-00215-JJF |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM IN OPPOSITION TO**
**PETITIONER'S MOTION FOR ATTORNEY'S FEES**

        COLM F. CONNOLLY
        United States Attorney

By:  Seth M. Beausang (I.D. No. 4071)
      Assistant United States Attorney
      Attorney for the United States
      The Nemours Building
      1007 Orange Street, Suite 700
      P.O. Box 2046
      Wilmington, DE 19899-2046
      (302) 573-6277
      seth.beausang@usdoj.gov

DATED: February 1, 2005

1. On March 28, 2005, Petitioner filed a pro se document titled "Awaiting Commitment to the Federal Bureau of Prisons, and the Prompt Commitment and Designation of Federal Prisoner, Amendment to Habeas Corpus" (Doc No. 1), which the Court construed to be a Petition for a Writ of Habeas Corpus (the "Petition").

2. In his Petition, Petitioner appeared to allege that he was in the custody of the State of Massachusetts Department of Corrections and waiting to serve a one year Federal sentence. Petitioner asked the District Court to "remove[] [him] from the Massachusetts District" and "place[] [him] in the New York District, New Jersey District, Pennsylvania District or Maryland District." (Doc. No. 1 at 3.)

3. On July 13, 2005, the Court issued an Order dismissing the Petition without prejudice for lack of jurisdiction. (Doc. No. 3.) The Court properly concluded that it lacked jurisdiction over the Petition because the Petition (a) did not allege that Petitioner was in the custody of the State of Delaware; (b) did not challenge a sentence or conviction imposed by the State of Delaware; and (c) did not challenge a sentence or conviction imposed by the District Court for the District of Delaware. (Doc. No. 3 at 2.)

4. Petitioner filed a motion for reconsideration which the Court denied on September 16, 2005. (Doc. No. 7.) In that order, the Court noted that, among other things, the Petition was moot because Petitioner had obtained the relief he requested in the Petition – i.e., transfer to a federal facility in, among other places, Pennsylvania. (Doc. No. 7 at 3 (citing *Lovett v. Carroll*, C.A. No. 01-782-JJF, 2002 WL 1461730, at *2 (D. Del. June 27, 2002) (dismissing as moot habeas petition seeking placement in a boot camp because petitioner was placed in the boot camp soon after filing the petition)).).

5.   Petitioner appealed the dismissal of his Petition to the Court of Appeals for the Third Circuit. (Doc. No. 5.) On October 14, 2005, the United States filed a Motion For Summary Affirmance of the District Court's Order. In that Motion, among other things, the United States agreed with the District Court's conclusion that the Petition was moot.

6.   On December 9, 2005, the Third Circuit affirmed this Court's dismissal of the Petition. *See Daley v. Fed. Bureau of Prisons*, No. 05-3887, 2005 WL 3344840 (3d Cir. Dec. 9, 2005). On January 17, 2006, the mandate of the Third Circuit issued. (Doc. No. 16.)

7.   On January 19, 2006, Petitioner filed a Motion For Attorney's Fees. (Doc. No. 17.) In that Motion, Petitioner appears to allege that he is entitled to attorney's fees pursuant to 18 U.S.C. §§ 3006, 3006A because his Petition became moot when he was transferred to a federal penitentiary. (Doc. No. 17 at 3.)

8.   The Motion For Attorney's Fees should be denied. *First*, 18 U.S.C. §§ 3006 and 3006A do not provide for the payment of attorney's fees to a prevailing party. Rather, those statutes permit (and sometimes require) the Court, under certain circumstances, to appoint counsel to represent indigent litigants. Petitioner was not appointed counsel in this case, and, accordingly, there are no attorney's fees to pay.

9.   *Second*, even if Petitioner *had* cited a fee-shifting statute – such as 28 U.S.C. § 2412(d) – that statute does not permit the Court to award attorney's fees to pro se litigants. *See, e.g.*, *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003) ([W]e join the other circuits in holding that attorney's fees are not available for pro se litigants under the [Equal Access to Justice Act]."); *see also Zucker v. Westinghouse Elec.*, 374 F.3d 221, 228-229 (3d Cir. 2004) ("[T]he courts of appeals have denied attorney's fees to pro se attorneys under a variety of

fee-shifting statutes, including the Equal Access to Justice Act (EAJA), FOIA, and Title VII.").

10.     *Third*, Petitioner's apparent argument that he is entitled to attorney's fees because his Petition became moot when he was transferred to a federal penitentiary is foreclosed by the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 606 (2001) ("We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief.").

11.     For all these reasons, the United States respectfully requests that Petitioner's Motion For Attorney's Fees (Doc. No. 17) be denied.

                                            Respectfully Submitted,

                                            COLM F. CONNOLLY
                                            United States Attorney

                                        By:  /s/   Seth M. Beausang
                                            Seth M. Beausang (De. I.D. No. 4071)
                                            Assistant United States Attorneys
                                            Attorney for the United States
                                            The Nemours Building
                                            1007 Orange Street, Suite 700
                                            P.O. Box 2046
                                            Wilmington, DE 19899-2046
                                            (302) 573-6277

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN R. DALEY, JR. | : | |
| | : | |
| Petitioner, | : | |
| | : | Civil Action No. 1:05-cv-00215-JJF |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| | : | |
| Respondent. | : | |

## CERTIFICATE OF SERVICE

    I, Seth M. Beausang, hereby attest under penalty of perjury that on February 1, 2006, I served the foregoing Memorandum in Opposition to Petitioner's Motion for Attorney's Fees via United States First Class Mail to the following address:

    John R. Daley, Jr. #02384-05
    Skuylkill FCI
    P.O. Box 759
    Minersville, PA 17954

                        /s/ Seth M. Beausang
                        Seth M. Beausang
                        Assistant United States Attorney